# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| RAYMMON R. SHUMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-055 |
| | ) | |
| FIRST GUARANTY MORTGAGE | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court are defendants' Motions to Dismiss, doc. 14 and doc. 16. For the following reasons, the motions are reconstrued as motions for a more definite statement and are **GRANTED IN PART AND DENIED IN PART**. Plaintiff shall have thirty days from the date of this Order to file an amended complaint correcting the deficiencies identified herein. The Court will also proactively extend the deadline for defendants' response to the amended pleading. Fed. R. Civ. P. 15(a)(3). They shall have thirty days from the date of that filing to file renewed motions to dismiss. Because plaintiff will have an opportunity to amend his complaint, his Motion to Add Third Party Defendant, doc. 29, is **DISMISSED AS MOOT**.

## BACKGROUND

On March 8, 2019, plaintiff filed a Complaint containing a myriad of claims apparently related to a foreclosure on his property. Doc. 1. He also filed a motion for leave to proceed *in forma pauperis*. Doc. 2. However, because plaintiff's application indicated that he had the means to pay the filing fee, the Court recommended that his motion be denied. Doc. 5 (*see also* doc. 9 Order adopting report and recommendations). Plaintiff ultimately paid the filing fee. *See* docket entry on March 11, 2019. Defendants both filed motions to dismiss plaintiff's complaint which are the basis of the instant order.

## ANALYSIS

### I. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and

conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' " *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (*quoting Twombly*, 550 U.S. at 557) (alteration in original).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (*quoting Twombly*, 550 U.S. at 570). For a claim to have facial plausibility, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (*quoting Iqbal*, 556 U.S. at 678) (internal quotations omitted). Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id.* (*quoting Twombly*, 550 U.S. at 557). Additionally, a complaint is sufficient only if it gives "fair notice of what

3

the … claim is and the grounds upon which it rests." *Sinaltrainal*, 578 F.3d at 1268 (quotations omitted) (*quoting Twombly*, 550 U.S. at 555).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. *Sinaltrainal*, 578 F.3d 1252 at 1260. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of [plaintiff's] allegations." *Sinaltrainal*, 578 F.3d at 1268 (*citing Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)). That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295-96 (11th Cir. 2007) (*quoting Twombly*, 550 U.S. at 545).

**II.  Shotgun Pleading**

Defendants argue that plaintiff's complaint should be dismissed as a shotgun pleading. As an initial matter, though this complaint does not conform with the requirements of Rule 8, it is not *per se* a shotgun

4

pleading. A shotgun pleading typically "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). However, defendants are correct that a more definite statement from plaintiff is necessary for this case to proceed.

In brief, plaintiff alleges that he attempted to make a loan modification to stop a foreclosure sale but that his servicing company failed to cancel that foreclosure. Doc. 1 at 4. From that very bland recitation of the facts, he alleges that dual tracking is prohibited pursuant to 12 C.F.R. § 1024.41(g), the prior judgment is void under Federal Rule of Civil Procedure Title VII[1] and Rule 60, and some unclear violations of the Fair Debt Collection Practices Act. *Id.* He also requests an injunction or restraining order under Rule 65 and argues that "promissory estoppel" is violated. *Id.* at 2.

---

[1] The Court makes no determination as to the merit of this claim, as there is no such rule.

Plaintiff's extremely limited factual recitation simply fails to relate to the charges alleged. For some claims he seeks to bring, he simply does not allege sufficient facts. For Count 1, he claims that dual tracking is prohibited as long as a completed loan modification application is submitted at least 37 days before the scheduled sale, but he fails to allege that he submitted such an application. Doc. 1 at 4. For Count 2, he claims that defendants violated "promissory estoppel," because he relied on their "promise" to cancel his foreclosure sale. *Id.* at 5. However, he never asserts that such a promise was actually made. *Id.* For others, he provides no factual support whatsoever. *See* Count 3 ("Defendants are in violations [sic] of Fair Debt Collection Practice act (FDCPA)"); Count 4 ("Any judgment . . . [is] Void because Defendants violated 12 C.F.R. § 1024.41(g)(2014)"); Count 5 ("Plaintiff was not and was never a Tenant at sufferance and all judgments to evict Plaintiff are void and not voidable."); Count 6 ("Plaintiff is entitled to punitive and statutory damages"). *Id.* at 5-6. This is simply insufficient under Rule 8.

### III. *Res Judicata*

Defendants also argue that plaintiff's claims are barred under the doctrine of *res judicata*, because plaintiff either did raise—or could have

raised—all the claims he brings now in the prior dispossessory and superior court actions. If this is correct, it would generally abrogate plaintiff's opportunity to amend his complaint. *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility when the complaint as amended would still be properly dismissed")(citations omitted). Accordingly, the Court will review whether plaintiff's claims are barred by *res judicata* before determining whether amendment is warranted.

"Under the federal full faith and credit statute, 28 U.S.C. § 1738, federal courts give preclusive effect to a state-court judgment whenever the courts of the state from which the judgment emerged would do the same." *Richardson v. Miller*, 101 F.3d 665, 668 (11th Cir. 1996). Thus, the Court must look to Georgia law to determine whether a judgment has the necessary preclusive effect.

In Georgia, the "doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action." *Karan, Inc. v. Auto-Owners Ins. Co.*, 629 S.E.2d 260, 262 (Ga. 2006) (*quoting Waldroup v. Greene Co. Hosp. Auth.*, 463 S.E.2d

7

5 (Ga. 1995)); *see also* O.C.G.A. § 9-12-40; *Akin v. PAFEC Ltd.*, 991 F.2d 1550, 1556 (11th Cir. 1993). "A party seeking to invoke res judicata on the basis of a prior judgment must establish three prerequisites: (1) identity of parties, (2) identity of the causes of action, and (3) adjudication on the merits by a court of competent jurisdiction in which the parties had a full and fair opportunity to litigate the relevant issues." *Akin*, 991 F.2d at 1556 (*citing* O.C.G.A. § 9-12-42; *Fowler v. Vineyard*, 405 S.E.2d 678, 680 (Ga. 1991); *Norris v. Atlanta & West Point R.R. Co.*, 333 S.E.2d 835, 837 (Ga. 1985)). In terms of determining whether there has been a full and fair opportunity to litigate the relevant issues "if a claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim, such claim must be asserted as a compulsory counterclaim. 'Same transaction or occurrence' has been broadly and realistically interpreted by the appellate courts to mean whether or not there exists a logical relationship between the respective claims of the parties." *Bigley v. Mosser*, 509 S.E.2d 406, 406 (Ga. Ct. App. 1998) (citation and internal quotations omitted); *see also AllState Ins. Co. v. Welch*, 576 S.E.2d 57, 59 (Ga. Ct. App. 2003) (same). Under this standard, if a party should have brought a claim as a compulsory

8

counterclaim to an action, that party may not bring a separate action seeking to set aside the foreclosure.

As a result, the Court generally determines "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit . . . [T]he ultimate inquiry is whether the facts in the main claim and counterclaim are both 'common' and 'operative.'" *Bigley*, 509 S.E.2d at 408 (citations and internal quotations omitted). Plaintiff alleges in this lawsuit that defendants violated various federal laws in the foreclosure of his property and the mortgage and security deed executed prior to the foreclosure. Doc. 1. Plaintiff brought a complaint in the Superior Court of Bryan County seeking to void the writ of possession and for violations of "Dual Tracking laws." Doc. 16-7 at 5. A brief review of the claims brought here as well, as those claims adjudicated in the Superior Court, would tend to indicate that many—if not all—of plaintiff's claims are sufficiently logically connected that *res judicata* would apply if there were a final judgment on the merits.[2]

---

[2] The Court also notes that there appears to be a second Superior Court action containing additional counterclaims from a second dispossessory action. Doc. 14-1 at 5. It is unclear to the Court whether any of those claims have been fully resolved.

However, there is no final judgment in at least one of the cases upon which defendants rely for the proposition of *res judicata*.[3] Defendant First Guaranty Mortgage Corporation has indicated that plaintiff filed an appeal of the Superior Court's Order granting defendant's motion to dismiss plaintiff's verified complaint with prejudice. Doc. 14-1 at 5. In Georgia, there is no final judgment so long as a party has a right to appellate review. *See CS-Lakeview At Gwinnett, Inc. v. Retail Dev. Partners*, 602 S.E.2d 140, 142 (Ga. Ct. App. 2004) ("It is the general rule that a judgment sought to be used as a basis for the application of the doctrine of res judicata (or collateral estoppel)[4] must be a final judgment. In Georgia a judgment is suspended when an appeal is entered within the time allowed. And the judgment is not final as long as there is a right to appellate review.") (*quoting Greene v. Transport Ins. Co.*, 313 S.E.2d 761 (Ga. Ct. App. 1984)). Thus, as an appeal is currently

---

[3] The Court is concerned by the defendants' failure to discuss whether *res judicata* is appropriate in the context of a pending appeal. The Court is more concerned by the fact that at least one of them failed to notify the Court that such an appeal was pending in the first place. Finally, the Court is concerned by the general lack of detail regarding the claims brought by plaintiff in the Superior Court and how the it disposed of each of those claims. Accordingly, while the Court has "peeked" at the relationship between the claims in the Superior Court and this Court, any further attempts to rely on *res judicata* after a final judgment must more fully flesh out the details.

[4] As the finality of judgment is unclear in this case, the Court likewise does not address whether collateral estoppel bars any of plaintiff's claims.

pending, the Court may not look to *res judicata* to dismiss plaintiff's claims based on the information *currently* contained within the complaint and motions.

Despite the pleading issues discussed above, it does not appear that this Court is barred from review of plaintiff's claims because the claims are *res judicata*. Moreover, "[w]hen a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (*citing Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n. 1 (11th Cir. 2002) (en banc)); see also Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely . . . when justice so requires"); *Seckinger v. Bank of Am., N.A.*, No. CV415-306, 2016 WL 1381814 at *2 (S.D. Ga. Apr. 6, 2016). Accordingly, the Court will **CONSTRUE** defendant's motions to dismiss as motions for more definite statements. As a result, plaintiff is **DIRECTED** to file an amended complaint correcting the deficiencies identified in this order within thirty days from the date of this Order. Defendants shall have thirty days from the date

of that filing to file renewed motions to dismiss. Because the Court is granting plaintiff an opportunity to amend his complaint, his Motion to Add Third Party Defendant is **DISMISSED AS MOOT**.

## CONCLUSION

For the foregoing reasons, the motions are reconstrued as motions for a more definite statement and are **GRANTED IN PART AND DENIED IN PART**. Plaintiff shall have thirty days from the date of this Order to file an amended complaint correcting the deficiencies identified herein. Defendants shall have thirty days from the date of that filing to file renewed motions to dismiss. Because the Court is granting plaintiff an opportunity to amend his complaint, his Motion to Add Third Party Defendant, doc. 29, is **DISMISSED AS MOOT**.

**SO ORDERED,** this <u>15th</u> day of October, 2019.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA