UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RAYMMON R. SHUMAN,       )
                         )
    Plaintiff,           )
                         )
v.                       )    CV419-55
                         )
FIRST GUARANTY           )
MORTGAGE CORP., et al.,  )
                         )
    Defendants.          )

**REPORT AND RECOMMENDATION**

Plaintiff, *pro se*, filed this claim on March 8, 2019, alleging Defendants engaged in various violations of federal law regarding a foreclosure which occurred on his real property in 2017. Before the Court are the Defendants' Motions to Dismiss, docs. 34 and 35, as well as Plaintiff's Motion to Amend his Complaint, doc. 37.

**I.    BACKGROUND**

This matter involves ongoing foreclosure and eviction proceedings against Plaintiff Shuman, which began in a Georgia state court in 2017. Defendants First Guaranty Mortgage Corporation (FGMC) and RoundPoint Mortgage Servicing Corporation (RoundPoint) seek dismissal based on Plaintiff's failures to amend his Complaint in

1

compliance with Rule 8 and failure to state a claim under Rule 12(b)(6). *See generally* docs. 34 & 35.

### A. State Court Proceedings[1]

Plaintiff defaulted on his mortgage loan in 2017. Doc. 34-1 at 3. FGMC, the mortgage holder, commenced foreclosure proceedings and a foreclosure sale was conducted on October 3, 2017, where FGMC purchased the property. *Id.* When Plaintiff failed to vacate the property, FGMC initiated dispossessory proceedings in the Magistrate Court of Bryan County. *Id.* The Magistrate Court entered a Writ of Possession and Judgment, but Plaintiff filed a suit in Bryan County Superior Court against FGMC for violation of dual tracking regulations, quiet title, and wrongful foreclosure. *Id.*; *see also* doc 35-7 (Bryan County Complaint). That case was dismissed on FGMC's motion, *see* doc. 35-8, and Plaintiff filed a notice of appeal but delayed docketing the appeal and never paid the costs associated. Doc. 35-1 at 4 n. 5. Defendant RoundPoint, the

---

[1] "A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment." *Horne v. Potter*, 392 F. App'x. 800, 802 (11th Cir. 2010) (citing *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1278 (11th Cir.1999)). The Court accordingly takes judicial notice of the pleadings and documents in Plaintiff's state court proceedings and associated land records as they are public records which are "not subject to reasonable dispute" and because they are "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." *See* Fed. R. Evid. 201(b); *Horne,* 392 F. App'x at 802; *Universal Express Inc. v. SEC*, 177 F.App'x 52, 53 (11th Cir. 2006). Consequently, Defendants' 12(b)(6) motions will not be converted into motions for summary judgment pursuant to Fed. R. Civ. Pro. 12(d).

2

mortgage servicer, asserts that "the Superior Court of Bryan County, Georgia considers its case closed and Plaintiff's appeal to be null." *Id.*

Meanwhile, FGMC's Writ of Possession expired, so it initiated a second dispossessory action in the Bryan County Magistrate Court. Doc. 34-1 at 4. The Magistrate Court held a hearing, issued a new Writ of Possession, and transferred Shuman's counterclaims to a separate case in Superior Court. *See id.*; *see also* doc. 34-8 (Shuman's Answer and Counterclaims). Shuman's counterclaims included claims for violations of the statute of limitations for foreclosure, res judicata, quiet title, and a challenge to the dispossessory due to not being a tenant at sufferance. Doc. 34-8. All counterclaims were ultimately dismissed on FGMC's motion. Doc. 34-9 (Order on Petitioner's Motion to Dismiss). Afterwards, Shuman filed a Motion to Set Aside, which was denied. Doc. 34-1 at 5. Shuman then filed a Motion for New Trial and was denied. *Id.* He filed a Motion to Add Defendant, a Motion on Subject Matter Jurisdiction, and a Motion to Stay Writ. *Id.* All were denied and the Superior Court issued a Bill of Peace against Shuman because of his "frivolous" filings. Doc. 34-10 at 7 (Order Denying Defendant's Motion on Subject Matter Jurisdiction, Motion to Stay Writ of Possession, and Granting Plaintiff's

Request for Bill of Peace). Shuman filed a Motion for Reconsideration and a Motion to Vacate; both were denied. Doc. 34-1 at 6. He then filed an appeal of the second Writ of Possession, but it was dismissed as untimely. Doc. 34-1 at 5-6.[2]

FGMC sought an extension of the Writ to evict Shuman. Doc. 34-1 at 6. However, the Magistrate Court found that issuance was not necessary. *Id.* Thereafter, FGMC sought a lockout of the property on October 17, 2019, but Shuman refused, claiming that the present suit, filed in March of 2019, enjoined FGMC from taking possession even though this Court denied Plaintiff's Motion for Injunction well before Plaintiff made his refusal. *See* doc. 7 at 8 (Order dated March 18, 2019).

B.   *Shuman's Federal Claims*

Shuman filed the present action during the above-described proceedings, claiming in his initial Complaint that his loan servicer, Defendant RoundPoint, told him he could modify his loan and stop the foreclosure of his property. *See* doc. 7 at 2 (describing Plaintiff's allegations). Based upon this conversation, Plaintiff believed the

---

[2] Defendants failed to provide the Court with a copy of the Order Dismissing the Appeal.

4

foreclosure was canceled and that he had entered into a loan modification. *See* doc. 1 at 3. Although Plaintiff admitted that he was unsuccessful in his parallel Bryan County, Georgia case, he argues that the current case is proper because he has never before brought federal claims under federal jurisdiction. *Id.* at 4. To that end, he alleges violations of 12 C.F.R. § 1024.41(g), arguing that Defendants improperly proceeded with a foreclosure sale. *Id.* Plaintiff also brings counts of promissory estoppel, violations of the Fair Debt Collection Practices Act ("FDCPA"), and other arguments regarding his tenancy and the voidability of Defendants' rights to possess the property. He seeks punitive and statutory damages. *Id.* at 4-6.

After Plaintiff's request for injunctive relief was denied in this Court, doc. 7, Defendants filed respective Motions to Dismiss on May 21 and 22, 2019 and the case was stayed on June 10, 2019. *See* docs. 14 (FGMC's first Motion to Dismiss), 16 (RoundPoint's First Motion to Dismiss), & 22 (Order on Motion to Stay). Plaintiff filed a motion seeking to add R.H. Lending, his original lending company, as a third Defendant in support of his opposition to the Defendants Motions to Dismiss on August 30, 2019. Doc. 29. The Court construed Defendants' Motions to

Dismiss as Motions for More Definite Statements and directed Shuman to file an amended complaint. Doc. 32 (Order on first Motions to Dismiss). In that Order, the Court found that res judicata would apply if the Superior Court made a final judgment on the merits, but the second Superior Court action was ongoing, and the appeals had not been resolved. *Id.* at 10. Thus, there could be no final judgment for which res judicata might apply. Moreover, the Court held that it would not consider any further attempts made by the Defendants to argue res judicata unless they provided sufficient details and support as to the Superior Court disposition.[3] *Id.*

Thereafter, Plaintiff filed an Amended Complaint. Doc. 33 (Amended Complaint). He added R.H. Lending, Inc., as well as claims

---

[3] FGMC's renewed Motion to Dismiss (doc. 34) also argues res judicata, but the party failed to brief the issue explicitly questioned in the undersigned's prior Order — specifically whether there is a final judgment on the merits — by supporting their attestation that the Superior Court appeal was finalized. Doc. 32 at 10 n. 3 ("The Court is concerned by the defendants' failure to discuss whether res judicata is appropriate in the context of a pending appeal.") Instead, FGMC provided details as to the disposition of the state court cases, but otherwise did not support its claim that res judicata applies. At all times the burden is on the party asserting res judicata to show that the later-filed suit is barred. *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001) (citing *Thorsteinsson v. M/V Drangur,* 891 F.2d 1547, 1551 (11th Cir. 1990)). FGMC did not carry its burden in showing res judicata and collateral estoppel apply.

6

that the Defendants sought to circumvent this Court's order. *Id.* at 1-2. He complained that even though he was granted permission to amend his Complaint in the present suit, the Defendants sent the Sheriff to evict him based on an expired Writ of Possession. *Id.* He appears to claim that the Superior Court and Magistrate Court orders are void and complains that the Superior Court wrongfully issued the Order of Peace after he was allowed amendment in the present suit, potentially conflating the various court systems. *Id.* at 2-3. Otherwise, the Amended Complaint alleges claims based on the same facts but adds new counts under different statutory rubrics. For example, in his Amended Complaint, Plaintiff alleges that the loan he obtained from R.H. Lending, Inc. was fraudulent. Doc. 33 at 3. He claims that R.H. Lending, Inc. violated FHA loan rules by artificially increasing costs through exaggerated fees and defrauded him of land he owned free and clear. *Id.* at 3-4. Finally, he realleges dual tracking in violation of 12 C.F.R. § 1024.41(g), FDCPA violations, Federal Rules of Civil Procedure violations, and promissory estoppel. *Id.* at 4.

After Plaintiff amended his Complaint, Defendants again filed Motions to Dismiss, repeating their arguments and providing some detail

7

as to the Superior Court and Magistrate Court proceedings. *See* docs. 34 and 35. Plaintiff responded by arguing that he wished to amend his Complaint a second time to add claims under Georgia's version of the Uniform Commercial Code, and he filed a corresponding Motion for Leave to File Second Amended Complaint. Docs. 36 (Plaintiff's Response) & 37 (Motion for Leave to File Second Amended Complaint). Ultimately, he claims that the Defendants have not substantiated their legal authority to enforce the note. Although his Motion to Amend is still pending, Plaintiff filed his second Amended Complaint on January 21, 2020. It is contested by the Defendants. *See* docs. 40 & 42.

## II.   MOTION TO AMEND

Plaintiff requests leave to amend the Amended Complaint to remedy the deficiencies he believes prevent him from relief. Doc. 37. Defendants object to his attempt to file a Second Amended Complaint, arguing Plaintiff has had ample opportunity to comply with the applicable pleading rules. Docs. 40 & 42. If the Court were to give Plaintiff leave to amend, the proposed Second Amended Complaint would "supersede[ ] the initial complaint and become[ ] the operative pleading in the case." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir.

2007) (citations omitted). In that instance, the Court could not rule on Defendants' Motions "because the motion[s] [would] seek[ ] to dismiss a pleading that has been superseded." *Wimberly v. Broome*, 2016 WL 3264346, at *1 (S.D. Ga. Mar. 29, 2016) (collecting cases). Accordingly, the Court must resolve Plaintiff's Request for Leave to Amend prior to ruling on Defendants' Motions to Dismiss.

The factual scenario that Plaintiff describes in the proposed Second Amended Complaint is identical the Amended Complaint. However, rather than amending his previous counts as directed by the Court, he again seeks to pursue new claims in the same conclusory fashion as his first Complaint and his Amended Complaint. For example, he reasserts his FDCPA claim but he now seeks to couch his claims under the UCC. *See* Doc. 33 at 7-8; Doc. 41 at 13-17. He argues that RoundPoint failed to "show it, or a principal, had the threshold legal rights to declare a default, and then enforce his Note under the UCC by virtue of a foreclosure sale based solely on an improper amount." Doc. 41 at 17. He seeks to add a conversion claim and a "breach of good faith and duties" claim. *Id.* at 22 & 24. He "reserves the right add parties and claims as it learns of

9

separate and specific names of improperly and erroneously titled proper and necessary parties to this action or other causes of action." *Id.* at 25.

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend once as a matter of right. Here, Plaintiff exercised that right by filing the first Amended Complaint. Doc. 33. As to all other amendments, a plaintiff may only amend "with the opposing party's written consent or with the court's leave" which the court "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "The district court, however, need not 'allow an amendment . . . where amendment would be futile.'" *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). "A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (citation omitted); *see Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) (explaining that a proposed amendment would be futile where "the amended complaint would not survive a motion to dismiss" under the 12(b)(6) standard). Plaintiff has merely sought to add new claims instead of remedying any of the defects which existed in his original Complaint and his First Amended Complaint, which, as discussed below, is due for

10

dismissal. Accordingly, a second amendment to Plaintiff's Complaint would be futile, as his proposed version continues to state no facts which support his legal arguments. His Motion to Amend should be **DENIED**. Doc. 37.

### III. MOTIONS TO DISMISS

As to Defendants' Motions to Dismiss, Federal Rule of Civil Procedure 8(a)(2) provides that to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" does not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The purpose of these rules is "to require the pleader to present his claims discretely and succinctly, so that," among other things, "his adversary can discern what he is claiming and frame a responsive pleading" and "the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted."

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (citation omitted).

Should a plaintiff fail to comply with the federal pleading rules, the district court may dismiss the complaint based on its inherent authority to control its docket and ensure the prompt and efficient resolution of lawsuits. *See Weiland*, 792 F.3d at 1320. A dismissal under Rules 8(a)(2) is appropriate where "it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Id.* at 1325 (citing *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (emphasis added)). To that end, "[a] complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Wooten v. Quicken Loans, Inc.*, 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Alternatively, Federal Rule of Civil Procedure 12(b)(6) provides additional authority for dismissal. Under Rule 12(b)(6), the Court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Belanger v. Salvation Army*,

556 F.3d 1153, 1155 (11th Cir. 2009) (citation omitted). Failing to state claim by not providing legal authority under which a plaintiff is factually entitled to relief is a different, although related, question than whether a complaint is so poorly pleaded that it warrants a dismissal regardless of whether plaintiff could state viable claims. *Weiland*, 792 F.3d at 1325. No matter the authority given for dismissal, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Iqbal*, 556 U.S. at 678. Rather, the complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 556 (citation and internal quotations omitted).

RoundPoint argues that Plaintiff failed to abide by the Court's order to provide facts to support his claims, and contends that, "aside from the addition of introductory remarks, Plaintiff's Amended Complaint is essentially unchanged" and therefore, "must be dismissed because it fails to satisfy the directive from this Court and the pleading requirements under Fed. R. Civ. P. 8(a)(2)." Doc. 35 at 7 & 6, respectively. Similarly, FGMC's Motion argues that Plaintiff's Amended Complaint fails to "identify specific factual matters that are necessary to support each

13

claim," and therefore does not comply with the pleading standards and is consequently noncompliant with Rule 8. Doc. 34-1 at 9.

Indeed, Plaintiff's Amended Complaint fails in the same ways that his original Complaint did. Plaintiff failed to modify his Real Estate Settlement Procedures Act claims in a manner which complies with the pleading standard. *See* doc. 33 at 7 (realleging Count One without meaningful modification). Plaintiff also did not allege any facts regarding the elements of his promissory estoppel argument, such as reasonable reliance, and in fact fails to clearly identify any promise made by any defendants. *See id.* (noting Plaintiff's failure to assert that a promise was ever made.) He merely alleges that he never received confirmation on his attempt to modify his loan. Doc. 33 at 6 ("RoundPoint Mortgage Servicing Corporation never sent Plaintiff any notice that the loan modification was denied."); *Id.* at 7 ("Plaintiff was led to believe the promise of the loan modification was approved because it was not denied."). Plaintiff's failure to allege facts consistent with a promise being made is fatal to this claim. *F & W Agriservices, Inc. v. UAP/Ga. Ag. Chem., Inc.*, 250 Ga. App. 238, 241, 549 S.E.2d 746, 749 (2001) ("A promise is 'a manifestation of an intention to act or refrain from acting

in a specified way, so made as to justify a promisee in understanding that a commitment has been made.'") (quoting *DPLM, Ltd. v. J.H. Harvey Co.*, 526 S.E.2d 409 (Ga. App. Ct. 1999)).

Next, Plaintiff's Counts four through six were not amended in accordance with the Court's Order either, and as before, provide "no factual support whatsoever." Doc. 32 at 6. Plaintiff's allegations in this portion are so rudimentary it is difficult to interpret them. In Count Four, Plaintiff alleges that judgments against him for foreclosure are void because Defendants violated dual tracking rules, but then references "Rule 60" without explanation or completing his sentence. Doc. 33 at 8. Similarly, Count Five argues that Plaintiff was never a tenant at sufferance pursuant to "Rule 65," again providing an incomplete sentence. *Id.* Count Six argues that Plaintiff is entitled to punitive and statutory damages for defendants' ill will and misrepresentation but provides no information on this claim. *Id.* Count Seven alleges fraud and describes prior unrelated litigation involving R.H. Lending and the Department of Housing and Urban Developments Mortgagee Review Board (MRB). *Id.* However, Plaintiff did not state any facts connecting his own plight to R.H. Lending wrongdoing. His allegations constitute

the exact "the-defendant-unlawfully-harmed-me" style accusation specifically prohibited by *Ashcroft v. Iqbal*. *Iqbal*, 556 U.S. at 678. Thus, this claim is unsupported and should be dismissed.

Plaintiff's alterations, both within his Amended Complaint and his proposed Second Amended Complaint, do not attempt to correct the deficiencies noted by the Court, but rather add more counts to this already tired claim. Doc. 33 at 8 (asserting fraud as Count Seven); Doc. 41 (asserting conversion as Fourth Claim for Relief and UCC claims in other counts). Moreover, despite being given notice and ample opportunity to sufficiently plead his case, Plaintiff made no real effort to remedy the Rule 8 defects that were pointed out to him by both the district court and the Defendants. *See* doc. 7 at 4-6 (examining the failure of Plaintiff to plead facts as to his Real Estate Settlement Procedures Act claim because he failed to allege that he completed a "complete loss mitigation application . . . more than 37 days before a foreclosure sale"); *see also* doc. 32 at 6 (again outlining how Plaintiff failed to allege in Count One that he submitted an application 37 days before the scheduled sale, as, in Plaintiff's argument, is required to establish dual tracking). In other words, he does not allege sufficient facts to establish most of his

claims. As to facts which are presented, it is impossible to know which facts support Plaintiff's claims against which Defendants.

Accordingly, Plaintiff failed to amend his Complaint in a manner sufficient to satisfy the demands of Rule 8, and the Court should dismiss his Amended Complaint based on its inherent authority to control its docket and ensure the prompt and efficient resolution of lawsuits. *Beekman v. Fed. Home Loan Mortg. Corp.*, 827 F. App'x 999, 1001 (11th Cir. 2020) (upholding Rule 8 dismissal of claims where a Plaintiff alleged "rambling allegations of widespread fraud, forgery, misrepresentation, and misconduct . . ., punctuated with long excerpts from various statutes and Freddie Mac's website, a discussion of an unrelated RICO action, and the recitation of general legal standards," and the only discernable allegation was that defendant "wrongfully foreclosed on Beekman's properties and wrongfully avoided liability for its misdeeds in state court").

Finally, although the Amended Complaint names R.H. Lending as a Defendant and attempts to include them in Count 7, R.H. Lending has not been served and thus has not responded to allegations against it. Plaintiff is clearly aware of service requirements, as he effected service

upon other defendants previously. Federal Rule of Civil Procedure 4(m) provides 90 days for service, after which time the Court—"on motion or its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The present recommendation notices Plaintiff that he has failed to serve R.H. Lending, even though almost three years have passed since Plaintiff filed his Amended Complaint. In accordance with the below instruction, Plaintiff is given opportunity to object to the present recommendation. He may explain therein why he failed to serve this Defendant in his objections, and if good cause is shown, the Court may extend the time for service. *Id.* Otherwise, given the deficits in Plaintiff's pleadings noted above, the amount of time that has passed already, and Plaintiff's clear knowledge of service requirements, claims against R.H. should be dismissed upon adoption of the present recommendation.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint should be **DISMISSED** and his Motion to Amend his Amended Complaint should be **DENIED**.

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED and RECOMMENDED**, this 13th day of October, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA